UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN WHELAN,<br><br>        Plaintiff,<br><br>   v.<br><br>PATRICK DONAHOE,<br><br>        Defendant. | No.  2:14-cv-1096 TLN CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendant's motion to dismiss the complaint in part for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) came on regularly for hearing on September 24, 2014.  Plaintiff Helen Whelan appeared in propria persona.  Chi Soo Kim appeared for defendant.  Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff challenges the final decision of the Merit Systems Protection Board ("MSPB") affirming plaintiff's July 2012 demotion from Manager of Customer Service to Supervisor of Customer Service.  The decision held that there was sufficient cause for the demotion and that there was no sex discrimination, age discrimination, or retaliation in the

/////

1  demotion.  ECF No. 1-1.  Defendant moves to dismiss for lack of subject matter jurisdiction any
2  claims in the instant action predicated on conduct other than the demotion.

3        The party seeking to invoke the jurisdiction of the federal court has the burden of
4  establishing that jurisdiction exists.  Assoc. of Medical Colleges v. United States, 217 F.3d 770,
5  778-79 (9th Cir. 2000).  In suits against the United States and its agencies, in addition to
6  establishing statutory authority vesting the district court with subject matter jurisdiction, plaintiff
7  must also demonstrate an unequivocal waiver of sovereign immunity.  United States v. Park Place
8  Associates, Ltd., 563 F.3d 907, 923-924 (9th Cir. 2009).  In considering a motion to dismiss for
9  lack of subject matter jurisdiction, the court may consider matters outside the pleadings.
10 McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

11       Pursuant to the Civil Service Reform Act ("CSRA"), federal employees alleging that a
12 personnel action was based on discrimination[1] may directly appeal the case to the MSPB.
13 5 U.S.C. §§ 7512, 7701.  If the MSPB upholds the personnel action, the employee may seek
14 judicial review of a mixed case.  Kloeckner, 133 S. Ct. at 601; 5 U.S.C. §§ 7702(a)(1)(B) &
15 7703(b)(2).  Plaintiff here brought a mixed case directly to the MSPB, challenging the demotion
16 and alleging her demotion was based on discrimination.  After the MSPB upheld the demotion,
17 plaintiff sought judicial review by filing the instant action.  The only personnel action which was
18 properly before the MSPB was plaintiff's demotion; the other claims plaintiff tries to raise in the
19 instant action are not properly subject to judicial review because the MSPB lacked jurisdiction
20 over them.  See 5 U.S.C. § 7512 (defining personnel actions appealable to MSPB).  The motion to
21 dismiss for lack of subject matter jurisdiction should therefore be granted.

22       Defendant also moves to dismiss for failure to state a claim on the ground that claims
23 arising out of non-demotion personnel actions are barred by res judicata.  This argument is well
24 taken.  Plaintiff appears to raise claims in the instant action relating to the level of the Customer
25 Service Manager position at the Royal Oaks postal station, plaintiff's assignment to the Fort
26 Sutter postal station, incidents in 2011 involving plaintiff's supervisor, Karen Manley, plaintiff's

---

[1] Such an action is called a "mixed case."  29 C.F.R. § 1614.302;  Kloeckner v. Solis, 133 S. Ct. 596, 600 (2012).

placement on a Performance Improvement Plan, issuance of a Letter of Warning to plaintiff, issuance to plaintiff of a Proposed Letter of Warning in Lieu of a 7-Day Time Off Suspension, plaintiff's investigative interviews, and plaintiff's placement on administrative leave in November 2011.  These claims are virtually identical to the claims plaintiff has previously litigated in prior actions, Whelan v. Donahue, 2:09-cv-3606 TLN CKD ("Whelan I") and Whelan v. Donahue, 2:12-cv-2305 TLN CKD PS ("Whelan II").  Final judgment has been entered in both of plaintiff's prior action and the parties are the same.  As such, the claims plaintiff raises here which are not based on her demotion are barred by res judicata.  See Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1.  Defendant's motion to dismiss the complaint in part (ECF No. 8) be granted; and

        2.  All claims based on conduct other than plaintiff's actual demotion be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 2, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 whelan1096.57