UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN WHELAN, | No.  2:14-cv-1096 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER |
| MEGAN BRENNAN, | |
| Defendant. | |

## STATUS (PRETRIAL SCHEDULING) ORDER

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on March 18, 2015.  Plaintiff Helen Whelan appeared in propria persona.  Chi Soo Kim appeared for defendant.

After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Defendant has been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

**JURISDICTION/VENUE**

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

**DISCOVERY**

The parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than April 10, 2015.  All non-expert discovery is left open, save and except that it shall be so conducted as to be completed by December 9, 2015.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

All documents produced in discovery shall be consecutively Bates numbered and shall be produced in an organized fashion.  For example, in responding to a request for production of document, the responding party should identify which Bates numbered documents are responsive to a particular request.  The parties are reminded of their obligation to immediately contact the opposing side if privileged documents are inadvertently produced during discovery and to forthwith return said privileged documents to the producing party and to not further disseminate such documents.

Plaintiff's expert disclosure shall be made no later than March 7, 2016.  Defendant's expert disclosure shall be made no later than April 4, 2016.  Expert discovery shall be completed by May 4, 2016.

**MOTION HEARING SCHEDULE**

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by June 8, 2016.  The word "completed" in this context means that all law and motion matters must be heard by the above date.  The parties are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions for

continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for September 8, 2016 at 2:00 p.m. in courtroom no. 2 before the Honorable Troy L. Nunley.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial Statements. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are

3

unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial.  The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty to the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is set on October 31, 2016 at 9:00 a.m. in courtroom no. 2 before the Honorable Troy L. Nunley.  Trial will be by jury.  The court expects the trial will take approximately five days.

**SETTLEMENT CONFERENCE**

If the parties determine a settlement conference would be beneficial, the courtroom deputy may be contacted to arrange a date for the settlement conference.  In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

Plaintiff is advised that if the court orders a document be filed by a certain date, then the document must be <u>received</u> by the court by that date.  In reference to the dates set forth herein, the parties are directed to ensure mailing so that the opposing side receives the document by the date set forth in this order.  For example, with respect to initial disclosures, the parties must mail the disclosures sufficiently in advance of April 10, 2015 so that the opposing side receives the initial disclosures by that date.

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1.  Initial disclosures shall be made no later than April 10, 2015.

2.  Non-expert discovery shall be completed by December 9, 2015.

3.  Plaintiff's expert disclosure shall be made no later than March 7, 2016.

4.  Defendant's expert disclosure shall be made no later than April 4, 2016.

5.  Expert discovery shall be completed by May 4, 2016.

6.  All pretrial motions, except motions to compel discovery, shall be completed by June 8, 2016.

7.  The Final Pretrial Conference is set for September 8, 2016 at 2:00 p.m. in courtroom no. 2 before the Honorable Troy L. Nunley.

1    8.  This matter is set for jury trial is set on October 31, 2016 at 9:00 a.m. in courtroom no.

2    2 before the Honorable Troy L. Nunley.

3    Dated:  March 18, 2015

4    _____
     CAROLYN K. DELANEY
5    UNITED STATES MAGISTRATE JUDGE

6    4 whelan1096.oas

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6